**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **KELLEY MALA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ANDRES R. BARANDICA JIMENEZ *et al.*,** )<br>)<br>**Defendants.** )<br>) | Case No. 3:21-cv-0075 |

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation (R&R) of the Magistrate Judge. (ECF No. 19.) The Magistrate Judge recommends that the Court dismiss without prejudice the Complaint (ECF No. 1), for "failure to effect service under FRCP 4(i)." R&R at 3. For the reasons discussed below, the Court will adopt the Report and Recommendation, as modified herein.

**I. BACKGROUND FACTS**

Plaintiff's Complaint was filed with this Court on October 4, 2021. On October 7, 2021, a single summons, directed to "U.S. ATTORNEyS OFFice ANDRES BARANDiCA JiMeNeZ DEA AgENT [sic]" and several others, was issued by the Court. (ECF No. 2.) A single return of service, stamped "RECEIVED OCT 08, 2021 US Attorney's Office" and stating that the process server had received a summons for "Andres Barandica Jimenez DEA" on October 8, 2021, and had served the summons on "DOJ Washington DC Attorney General" on "10/8/2021," was filed with the Court on October 12, 2021. (ECF No. 3.) With no other proof of service appearing in the record, the Magistrate Judge ordered Plaintiff to "file proof of service on the defendants, or show cause why this action should not be dismissed for failure to effect timely service" by February 15, 2022. ECF No. 11 - Order entered February 1, 2022, at 1. Plaintiff responded to the said order by filing documents with the Court on February 14, 2022. (ECF No. 16.)

On March 1, 2022, the Magistrate Judge entered the Report and Recommendation under consideration here, explaining that the Court could not determine from the documents

submitted by Plaintiff "how service was made, when it was made, or proof that a copy of the complaint was also served along with the summons." R&R at 3. The Magistrate Judge also notes that Plaintiff had not sought to extend the time for service. *Id*. The Magistrate Judge thus recommends that the Court dismiss the complaint without prejudice for failure to serve. *Id*. While the record is silent regarding service of the R&R upon Plaintiff, Plaintiff filed an objection to the R&R (titled "Motion by Plaintiff Kelley Mala in Response to Magistrate Report and Recommendations") on March 7, 2022. (ECF No. 20.)

## II. LEGAL STANDARD

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). In the matter at bar, even without a docket entry documenting when the R&R was sent to Plaintiff, Plaintiff's objection was filed well within the 14-day period allowed by the rule. Thus, the Court finds that Plaintiff's objection is timely.

When a party makes a timely objection to the report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the Third Circuit has determined that, as a matter of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), as amended (June 12, 2007) ("[P]lain error review is appropriate where a party fails to timely object to a magistrate judge's R&R."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."). A plain error review involves a determination as to whether the R&R contains any "clear" or

"obvious" error affecting the plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

Plaintiff objects to the R&R by stating that he served Defendant Jimenez in his official capacity by personally serving the United States Attorney's Office and by serving the United States Attorney General by certified mail. *See* ECF No. 20 at 1 and Exhibits 1-2 and ECF No. 2. He also claims that he served Defendant Jimenez in his individual capacity by U.S. Postal Service. *Id*. at 1 and Exhibit 3.

### III. DISCUSSION

Upon *de novo* review of the Magistrate Judge's finding that Plaintiff failed to provide sufficient proof of service under Federal Rules of Civil Procedure Rule 4(i), the Court finds no error. Plaintiff asserts in his objection that he "served United States Attorney's Office under Rule 4(i) Fed. R. Civ. Proc [sic] as to name Defendant's [sic] in their official capacity" and that he "further served the United States Attorney General Office in Washington DC, . . . in accordance to Rule 4(i)(ii)(B) Fed.R.Civ.Proc .[sic] from October 14, 20221." Objection at 1. In response to the Magistrate Judge's finding that the process server made no statement regarding how and when service was made upon the United States Attorney General, Plaintiff attaches copies of a U.S. Postal Service receipt and customs declaration. *Id*. at Exhibits 1-2. However, he offers no evidence to rebut the Magistrate Judge's finding that the record contains "no proof that a copy of the complaint was also served along with the summons."

Plaintiff also does not present any evidence to counter the Magistrate Judge's finding that Andres Barandica Jimenez is the only named defendant in Plaintiff's original complaint.[1] The Court finds no error regarding such finding. It appears that Plaintiff acknowledges that he is suing Defendant Jimenez in both his official and individual capacity. Objection at 1. The R&R is silent regarding Plaintiff's service upon Defendant Jimenez in his individual capacity.

---

[1] Plaintiff submits a copy of a return receipt for something mailed and addressed to TFO Leonel. Because "Leonel" is not a named defendant, the Court addresses the receipt returned for Andres Barandica Jiminez only.

*Mala v. Jimenez*
Case No. 3:21-cv-0075
Order
Page 4 of 5

But, because Plaintiff claims that he "in accordance to Rule 4 Fed R.Civ.Proc ,[sic] served name defendant's [sic] in their individual capacity . . . ," *id.*, the Court will address it now.

Rule 4 generally requires personal service upon individuals. Fed. R. Civ. P. 4(e).[2] The exception is where state law in the district where the claim is brought or where the individual is being served allows alternate service. *Id*. To support his claim that Defendant Jimenez was served properly, Plaintiff relies upon a return receipt indicating that something was mailed to someone named Andres Barandica Jimenez in Puerto Rico and received. ECF No. 20-3. Title 5, Section 4911 of the Virgin Islands Code allows service by mail outside the territory. The statute requires, however, that the receipt be signed by the addressee: "When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." V.I. Code Ann. Tit. 5, § 4911(b). The return receipt offered as evidence of proof of service by Plaintiff upon Defendant Jimenez is not signed by Andres Barandica Jimenez. ECF No. 20-3. Further, Plaintiff offers no evidence regarding the relationship between the person who signed the receipt and Defendant Jimenez. *In re Catalyst Third-Party Litigation*, 67 V.I. 3, 8 (V.I. Super. Ct. 2015) (where the Court found insufficient service in similar circumstances, i.e., that no evidence that the person who signed the receipt actually signed "on behalf of the addressee" was presented). In addition, like the service upon Defendant Jimenez in his official capacity, Plaintiff offers no proof that both a summons and a copy of the complaint were mailed to Defendant Jimenez in Plaintiff's effort to serve him in his individual capacity. Consequently,

---

[2] Service upon an individual is governed by Rule 4(e), which provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

the Court finds that Plaintiff's service upon Defendant Jimenez in his individual capacity is ineffective.

Finally, as the Magistrate Judge notes, the record is devoid of any request by Plaintiff to extend the time for service. R&R at 3. The Complaint was filed on October 4, 2021. Service was to have been completed on or about January 3, 2022. Fed. R. Civ. P. 4(m). The return receipt for the mail sent to Andres Barandica Jimenez is dated February 15, 2022. Thus, even if the Court accepted the receipt signed by someone other than Andres Barandaca Jimenez, service is still ineffective because it is untimely.

## IV. CONCLUSION

The Court has conducted a *de novo* review of the portions of the report and recommendation to which Plaintiff objected and agrees with the findings of the Magistrate Judge. Having reviewed the remainder of the report and recommendation for clear error, the Court finds none. The Court also makes further findings that support the recommendation to dismiss Plaintiff's Complaint without prejudice. The Court, therefore, will adopt the March 1, 2022, Report and Recommendation, as modified herein, and will dismiss the complaint.

Accordingly, it is hereby

**ORDERED** that the March 1, 2022, Report and Recommendation (ECF No. 19) is **ADOPTED** as modified; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE;** it is further

**ORDERED** that all pending motions are **MOOT**; it is further

**ORDERED** that a copy of this Order shall be served on Plaintiff Kelley Mala by first class mail return-receipt requested.

**Dated:** June 7, 2022  /s/ *Robert A. Molloy*
                         **ROBERT A. MOLLOY**
                         **Chief Judge**