DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **KELLEY MALA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:21-cv-0075 |
| | ) |
| **ANDRES R. BARANDICA JIMENEZ** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

**BEFORE THE COURT** is Plaintiff's motion for reconsideration of the Court's Order dated June 8, 2022, adopting the Report and Recommendation (R&R) of the Magistrate Judge and dismissing Plaintiff's complaint without prejudice. For the reasons stated herein, the Court denies the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint was filed with this Court on October 4, 2021. On October 7, 2021, a single summons, directed to "U.S. ATTORNEyS OFFice ANDRES BARANDiCA JiMeNeZ DEA AgENT [sic]" and several others, was issued by the Court. (ECF No. 2.) A single return of service, stamped "RECEIVED OCT 08, 2021 US Attorney's Office" and stating that the process server had received a summons for "Andres Barandica Jimenez DEA" on October 8, 2021, and had served the summons on "DOJ Washington DC Attorney General" on "10/8/2021," was filed with Court on October 12, 2021. (ECF No. 3.) With no other proof of service appearing in the record, the Magistrate Judge ordered Plaintiff to "file proof of service on the defendants, or show cause why this action should not be dismissed for failure to effect timely service" by February 15, 2022. Order (ECF No. 11), entered February 1, 2022, at 1. Plaintiff responded to the said order by filing documents with the Court on February 14, 2022. (ECF No. 16.)

On March 1, 2022, the Magistrate Judge entered her R&R, explaining that the Court could not determine from the documents submitted by Plaintiff "how service was made, when it was made, or proof that a copy of the complaint was also served along with the

summons." R&R at 3. The Magistrate Judge also notes that Plaintiff had not sought to extend the time for service. *Id*. The Magistrate Judge then recommended that the Court dismiss the complaint without prejudice for failure to serve. *Id*. The Court, after reviewing the record, the R&R, and Plaintiff's objection to the R&R (ECF No. 20), adopted the R&R, as modified, by Order (ECF No. 25), entered June 8, 2022.

Plaintiff moves for reconsideration of that order, supplementing the record with further evidence of service upon Defendant Andres Barandica Jimenez. In the title of the motion, Plaintiff states that the motion is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1) and cites to the Court's Local Rules of Civil Procedure 7.3 in the text of the motion.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 59(e)

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment "no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of such a motion is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985)). The Third Circuit has held that "'a proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Lazaridis v. Wehmer*, 591 F. 3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995)) (*quoted in Soly v. Warlick*, Civil No. 1991-0212; Civil No. 1995-0084, 2014 U.S. Dist. LEXIS 43971, at *15-16 (D.V.I. Mar. 31, 2014)).

This Court also has stated:

> Rule 59(e) permits a court to "alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008). '"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted

> sparingly.'" *Lusick v. City of Phila.*, 2013 U.S. Dist. LEXIS 40511, *3, [WL], at *1 (E.D. Pa. Mar. 21, 2013) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

*Soly,* 2014 U.S. Dist. LEXIS 43971, at *16.

### B. Federal Rule of Civil Procedure 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order on the grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subparagraph 6 of the rule allows courts "broad authority to relieve a party from final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (*quoted in Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, Civil No. 2011-41, 2021 U.S. Dist. LEXIS 52235, at *4 (D.V.I. March 19, 2021)). At the same time, "courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F. 3d 244, 255 (3d Cir. 2008) (footnote and citations omitted) (*quoted in Smith*, 2021 U.S. Dist. LEXIS 52235, at *4).

### C. Local Rules of Civil Procedure 7.3

The Court's Local Rules of Civil Procedure provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on: (1) an intervening change in controlling law; (2)

> the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3(a). Under this rule, a motion for reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. *Id.*; LRCi 6.1(b)(3). The Court has noted that the grounds for a motion for reconsideration enumerated in the local rule are the same as those considered for Rule 59(e) motions. *Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021). The *Simon* court further observes, regarding the third listed basis,

> [u]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Id*; *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

Further, it is well established that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))).

Plaintiff primarily argues that he is entitled to relief on the basis that the Court committed plain error, asserting that "the information ,summons [sic] and process of complaint was before the Court it was obvious and overlooked by factual submission plain

error [sic] . . . ." Mot. at 2. Because Plaintiff does not make specific arguments regarding any of the grounds listed in Federal Rules of Civil Procedure 60(b), the Court analyzes the motion for reconsideration under the standards governing Rule 59(e) motions.

### III. DISCUSSION

As part of the order at issue, the Court found no error with the Magistrate Judge's finding that Plaintiff failed to provide sufficient proof of service under Federal Rules of Civil Procedure Rule 4(i). In support of his objection to the R&R, Plaintiff attached copies of a U.S. Postal Service receipt and customs declaration to show proof of service upon the United States. ECF No. 20 at Exhibits 1-2. The Court found, as articulated in its Order adopting the R&R, that Plaintiff failed to offer any evidence to rebut the Magistrate Judge's finding that the record contains "no proof that a copy of the complaint was also served along with the summons." ECF No. 25 at 3.

Apparently addressing this finding, Plaintiff filed an affidavit signed by Paula Duke, attesting that she served process in this case by personally delivering copies of the summons and complaint to the United States Attorney's Office, Ron de Lugo Federal Building, St. Thomas, U.S. Virgin Islands, and mailing copies of the summons and complaint addressed to the Office of the United States Attorney General in Washington, D.C., and Defendant Andres Barandica Jimenez at the Drug Enforcement Administration's office in Puerto Rico. ECF No. 29-1.[1] Responding to the Court's finding that Plaintiff failed to serve properly Defendant Andres Barandica Jimenez, Plaintiff argues that he is "not privy" to said Defendant's "residence address." Mot. at 2. Plaintiff further argues that he complied with the federal rules by serving said Defendant at his place of employment. *Id*.

To begin, the Court reiterates that motions for reconsideration "are not to be used as 'a vehicle for . . . raising arguments that could have been raised before but were not.'" *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7 (citations omitted). The Court also emphasizes, as held by the Third Circuit,

---

[1] Plaintiff attaches an affidavit signed by Paula Duke to his motion at ECF No. 27. He then filed an Informative Notice Motion (ECF No. 29) stating that the affidavit attached to the motion was a "miss print" and supplied the "corrective" affidavit with the said notice. *Id*. at 1.

> "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Keene Corp. v. International Fidelity Insurance Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1983). Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. *DeLong Corp. v. Raymond International Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980).

*Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985) (*cited in Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7). The affidavit provided by Plaintiff to support his contention that the Court "erred" is not newly discovered evidence. "It is well-settled that a motion for reconsideration cannot be used to introduce for the first time evidence that was previously available, thus giving the party seeking to present such evidence a second bite at the apple." *Greene v. Virgin Islands Water & Power Auth.*, 1:06-cv-11, 2012 U.S. Dist. LEXIS 144382, at *5 (D.V.I. Oct. 5, 2012) (citations omitted). This affidavit clearly could have been produced in response to the Order (ECF 11), directing Plaintiff to file proof of service or show cause why the case should not be dismissed for failure to serve, or in Plaintiff's objection to the R&R, wherein the Magistrate Judge noted that it was not clear from the record that copies of both the summons and complaint were served. *See* ECF No. 19 at 3. Consequently, the Court could not have "erred" in adopting the R&R, nor could the Court have "overlooked" evidence, when the affidavit attesting that both the summons and complaint were served as required by Fed. R. Civ. P. 4 was not a part of the record at that juncture and only now presented with the motion for reconsideration.

Additionally, the Court disagrees with Plaintiff's contention that he properly served Defendant Andres Barandica Jimenez. Even though Rule 4(i)(2) allows service upon a federal employee being sued in his official capacity at his place of employment, Rule 4(i)(3) still requires personal service for such federal employee being sued in his individual capacity.[2]

---

[2] That subsection of the rule provides:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).

Plaintiff seemingly argues that his service by mailing copies of the summons and complaint to Defendant Jimenez's employing agency was sufficient to effectuate service upon said Defendant in both his official and individual capacity. Mot. at 2. However, such belief is incorrect. The Court finds that it did not err when it determined that the mailing addressed to Defendant Jimenez at his place of employment was insufficient to perfect service upon him in his individual capacity. *See* ECF No. 25 at 4.[3]

Based upon the foregoing, Plaintiff has failed to persuade the Court that he is entitled to reconsideration. Plaintiff attempts to introduce new evidence; however, it is not newly discovered evidence. A motion for reconsideration is not the time to present arguments and/or evidence that could have been presented before. The record shows that Plaintiff had ample opportunity to expand the record either in response to the Court's Order (ECF No. 11) and/or the R&R. The balance of Plaintiff's motion merely reargues matters already addressed by the Court.

### IV. CONCLUSION

Because the Court finds that Plaintiff has not presented sufficient grounds for reconsideration of its Order (ECF No. 25), entered June 7, 2022, the Court will deny Plaintiff's motion. An appropriate order follows.

**Dated:** August 2, 2022                            */s/ Robert A. Molloy*
                                                                                     **ROBERT A. MOLLOY**
                                                                                      **Chief Judge**

---

[3] While it is true that *pro se* litigants, like Plaintiff, "are held to 'less stringent standards' than trained counsel," *Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (q*uoted in Simon*, 2021 U.S. Dist. LEXIS 165926, at *5), it is also true that "pro se litigants are not permitted to totally ignore all rules and standards, and even though 'district courts are counseled to liberally construe pro se pleadings, all parties must follow the Federal Rules of Civil Procedure.'" *Benckini*, 654 F. Supp. 2d at 316 n.1 (citations omitted).